**A·S·K FINANCIAL LLP**
Joseph L. Steinfeld, Jr., Esq.
(*Admitted Pro Hac Vice*)
John T. Siegler, Esq.
Gary D. Underdahl, , Esq.
(*Admitted Pro Hac Vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
**Telephone:** (651) 406-9665 ext. 857 **Fax:** (651) 406-9676
**e-mail**: gunderdahl@askfinancial.com

**Edward E. Neiger, Esq.**
111 John Street, Suite 800
New York, New York 10038
**Telephone:** (212) 267-7342 **Fax:** (212) 918-3427
**e-mail**: eneiger@askfinancial.com

\c-pr-ny.frm - F:\WP\MM\QBC\SUIT\GDU\BATCH3\C-MAL001.WPD

Attorneys For Plaintiff, Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Quebecor World (USA), et al.[1],<br><br>Debtors. | Bk. No. 08-10152-JMP<br>(Jointly Administered)<br><br>Chapter 11<br><br>Honorable James M. Peck |
| Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust,<br><br>Plaintiff,<br><br>vs.<br><br>Malwa Transport, Inc.,<br><br>Defendant, | Adv No. |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 502 AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust (the "Plaintiff"), by its undersigned attorneys, in support of this complaint (the "Complaint") to avoid and recover transfers against Malwa Transport, Inc. (the "Defendant"), hereby alleges upon information and belief that:

---

[1] The Debtors are the following entities: Quebecor World (USA) Inc., Quebecor Printing Holding Company, Quebecor World Capital Corporation, Quebecor World Capital II GP, Quebecor World Capital II LLC, WCZ, LLC, Quebecor World Lease GP, Quebecor World Lease LLC, QW Memphis Corp., The Webb Company, Quebecor World Printing (USA) Corp., Quebecor World Loveland Inc., Quebecor World Systems Inc., Quebecor World San Jose Inc., Quebecor World Buffalo Inc., Quebecor World Johnson & Hardin Co., Quebecor World Northeast Graphics Inc., Quebecor World UP Graphics Inc., Quebecor World Great Western Publishing Inc., Quebecor World DB Acquisition Corp., WCP-D, INC., Quebecor World Taconic Holdings Inc., Quebecor World Retail Printing Corporation, Quebecor World Arcata Corp., Quebecor World Nevada Inc., Quebecor World Atglen Inc., Quebecor World Krueger Acquisition Corp., Quebecor World Book Services LLC, Quebecor World Dubuque Inc., Quebecor World Pendell Inc., Quebecor World Fairfield Inc., QW New York Corp., Quebecor World Dallas II Inc., Quebecor World Nevada II LLC, Quebecor World Dallas, L.P., Quebecor World Mt. Morris II LLC, Quebecor World Petty Printing Inc., Quebecor World Hazleton Inc., Quebecor World Olive Branch Inc., Quebecor World Dittler Brothers Inc., Quebecor World Atlanta II LLC, Quebecor World RAI Inc., Quebecor World KRI Inc., Quebecor World Century Graphics Corporation, Quebecor World Waukee Inc., Quebecor World Logistics Inc., Quebecor World Mid-South Press Corporation, Quebecor Printing Aviation Inc., Quebecor World Eusey Press Inc., Quebecor World Infiniti Graphics Inc., Quebecor World Magna Graphic Inc., Quebecor World Lincoln Inc, and Quebecor World Memphis LLC.

## NATURE OF THE CASE

1.      This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of Defendant by Quebecor World (USA), et al. (the "Debtors") during the ninety-day (90) period prior to the filing of the Debtors' bankruptcy petitions pursuant to 11 U.S.C. §§ 547 and 550. Subject to proof, the Complaint also seeks to recover pursuant to 11 U.S.C. §549 any transfers on account of pre-petition debt that cleared post-petition and pursuant to 11 U.S.C. § 548 any transfers that may have been a fraudulent conveyance. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors' or the Debtors' chapter 11 estates, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION

2.      This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, arises in, and relates to cases under Title 11, in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-10152, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      The claims and causes of action set forth herein concern the determination, allowance, disallowance, and amount of claims under 11 U.S.C. §§ 502, 547, 548, 549 and 550. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

4.      Venue is proper in Southern the District of New York pursuant to 28 U.S.C. § 1408.

## BACKGROUND

5.      These bankruptcy cases were commenced by the filing on January 21, 2008 (the "Petition Date") of voluntary petitions for relief under Chapter 11 of title 11 of the United States Code by the Debtors.

6.      Pursuant to the Findings of Fact, Conclusions of Law, and Order, dated July 2, 2009, Confirming Third Amended Joint Plan of Reorganization of Quebecor World (USA) Inc. And Certain Affiliated Debtors and Debtors-in-Possession (the "Plan"), the Quebecor World Litigation Trust was established on July 21, 2009, the effective date of the Plan. Pursuant to the Plan and the Litigation Agreement attached thereto as Exhibit 6.11(a), the right to prosecute and settle the claims asserted in the above-captioned adversary proceeding

as the representative of the Quebecor World Litigation Trust and the applicable Debtor estates was transferred to Plaintiff.

7. Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation residing in and subject to the laws of the State of Virginia.

## CLAIMS FOR RELIEF

## COUNT 1

**(Avoidance of Preference Transfers - 11 U.S.C. § 547)**

8. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

9. On or within ninety (90) days before the Petition Date, that is between October 23, 2007 and January 21, 2008 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including Defendant.

10. Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all the transfers of an interest of the Debtors' property made by one or more of the Debtors to Defendant within the Preference Period.

11. Plaintiff has determined that one or more of the Debtors made transfers to Defendant during the Preference Period in an amount not less than $171,130.84 (the "Transfers"). Attached hereto as "Exhibit A" and incorporated herein by this reference is a list of Transfers presently known to Plaintiff.

12. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by one or more of the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint as to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (i.e., but not exclusively, 11 U.S.C. §542, §544, §545, §548 and §549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

13. Defendant was a creditor of the one or more of the Debtors at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by one or more of the Debtors.

14. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by one or more of the Debtors to Defendant.

15. The Transfers were for, or on account of, antecedent debts owed by one or more of the Debtors before the Transfers were made.

16. The Debtors were insolvent at all times during the ninety (90) days prior to the Petition Date.

17. As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code.

18. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

**(To Avoid Fraudulent Conveyances Pursuant to 11 U.S.C. § 548(a)(1)(B))**

19. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

20. To the extent that one or more of the Transfers were not on account of an antecedent debt or a prepayment for goods subsequently received, one or more of the Debtors did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

    A. One or more of the Debtors were insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s); or

    B. One or more of the Debtors were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with one or more of the Debtors was an unreasonably small capital; or

    C. One or more of the Debtors intended to incur, or believed that one or more of the Debtors would incur, debts that would be beyond one or more of the Debtors' ability to pay as such debts matured.

21. The Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III

**(To Recover Post Petition Transfers Pursuant to 11 U.S.C. § 549)**

22. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

23. To the extent that one or more of the Debtors made a transfer to Defendant on account of obligations that arose before the Petition Date and that cleared after the Petition Date, such transfer(s) were unauthorized post-petition transfers (the "Post Petition Transfers") and are avoidable under 11 U.S.C. § 549.

## COUNT IV

**(Recovery of Avoided Transfers - 11 U.S.C. § 550)**

24. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

25. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b), any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548, and any Post Petition Transfers under 11 U.S.C. § 549. The Transfers, any Potentially Fraudulent Transfers and any Post Petition Transfers are collectively referred to herein as "All Avoided Transfers."

26. Defendant was the initial transferee of the All Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoided Transfers were made.

27. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant All Avoided Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT V

**(Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))**

28. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

29. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

30. Defendant is a transferee of All Avoided Transfers avoidable under 11 U.S.C. §§ 547, 548 and/or 549.

31. Defendant has not paid the amount of the All Avoided Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

32. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers, plus interest thereon and costs.

33. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the All Avoided Transfers.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

As to Counts I through V, that the Court enter a judgment against Defendant:

A.  That All Avoided Transfers avoidable under 11 U.S.C. §§ 547, 548 and/or 549 in the amount of $171,130.84 be avoided;

B.  That All Avoided Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547, 548 and/or 549, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C.  Disallowing, in accordance with 11 U.S.C. § 502 (d), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

D.  Disallowing, in accordance with 11 U.S.C. § 502 (j), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

E.  Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

F.  Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

G.  Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff ;

H.  Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: January 13, 2010

A·S·K FINANCIAL LLP

| | | |
|---|---|---|
| Primary Counsel<br>Please Contact Attorney in **Bold** | By | /s/ *Gary D. Underdahl*<br>Joseph L. Steinfeld, Jr., Esq. (*Admitted Pro Hac Vice*),<br>John T. Siegler, Esq.<br>**Gary D. Underdahl, Esq.** (*Admitted Pro Hac Vice*),<br>2600 Eagan Woods Drive, Suite 400<br>St. Paul, MN 55121<br>**Telephone:** (651) 406-9665 ext. 857 **Fax:** (651) 406-9676<br>**e-mail**: gunderdahl@askfinancial.com<br><br>Edward E. Neiger, Esq.<br>111 John Street, Suite 800<br>New York, New York 10038<br>**Telephone:** (212) 267-7342 **Fax:** (212) 918-3427<br>**e-mail**: eneiger@askfinancial.com<br><br>Attorneys For Plaintiff, Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust |