**A·S·K FINANCIAL LLP**
Joseph L. Steinfeld, Jr., Esq.
*(Admitted Pro Hac Vice)*
John T. Siegler, Esq.
Gary D. Underdahl, , Esq.
*(Admitted Pro Hac Vice)*
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 406-9665 ext. 857 Fax: (651) 406-9676
**e-mail:** gunderdahl@askfinancial.com

Edward E. Neiger, Esq.
317 Madison Avenue, 21st Floor
New York, New York 10017
Telephone: (212) 267-7342 Fax: (212) 918-3427
**e-mail:** eneiger@askfinancial.com
\v-pr-oy.frm - F:\WP\MM\QBC\DEFAULTS\BATCH6\APP02025.WPD
Attorneys For Plaintiff, Eugene I. Davis, Litigation Trustee for the Quebecor World Litigation Trust

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Bk. No.08-10152-JMP |
| Quebecor World (USA), Inc., et al.[1], | Chapter 11 |
| Debtors. | Honorable Sean H. Lane |
| Eugene I. Davis, Litigation Trustee for the Quebecor World Litigation Trust, | Adv No. 10-02025-SHL |
| Plaintiff, | |
| vs. | |
| Malwa Transport, Inc., | |
| Defendant. | |

### APPLICATION FOR DEFAULT JUDGMENT

STATE OF MINNESOTA
COUNTY OF DAKOTA  } ss.

I, Gary D. Underdahl, being duly sworn, deposes and says:

---

[1]The Debtors are the following entities: Quebecor World (USA) Inc., Quebecor Printing Holding Company, Quebecor World Capital Corporation, Quebecor World Capital II GP, Quebecor World Capital II LLC, WCZ, LLC, Quebecor World Lease GP, Quebecor World Lease LLC, QW Memphis Corp., The Webb Company, Quebecor World Printing (USA) Corp., Quebecor World Loveland Inc., Quebecor World Systems Inc., Quebecor World San Jose Inc., Quebecor World Buffalo Inc., Quebecor World Johnson & Hardin Co., Quebecor World Northeast Graphics Inc., Quebecor World UP Graphics Inc., Quebecor World Great Western Publishing Inc., Quebecor World DB Acquisition Corp., WCP-D, INC., Quebecor World Taconic Holdings Inc., Quebecor World Retail Printing Corporation, Quebecor World Arcata Corp., Quebecor World Nevada Inc., Quebecor World Atglen Inc., Quebecor World Krueger Acquisition Corp., Quebecor World Book Services LLC, Quebecor World Dubuque Inc., Quebecor World Pendell Inc., Quebecor World Fairfield Inc., QW New York Corp., Quebecor World Nevada II LLC, Quebecor World Dallas, L.P., Quebecor World Mt. Morris II LLC, Quebecor World Petty Printing Inc., Quebecor World Hazleton Inc., Quebecor World Olive Branch Inc., Quebecor World Dittler Brothers Inc., Quebecor World Atlanta II LLC, Quebecor World RAI Inc., Quebecor World KRI Inc., Quebecor World Century Graphics Corporation, Quebecor World Waukee Inc., Quebecor World Logistics Inc., Quebecor World Mid-South Press Corporation, Quebecor Printing Aviation Inc., Quebecor World Eusey Press Inc., Quebecor World Infiniti Graphics Inc., Quebecor World Magna Graphic Inc., Quebecor World Lincoln Inc, and Quebecor World Memphis LLC.

1.     I am an attorney licensed to practice law by the State of Minnesota, and am admitted to practice before this Court. I am one of the attorneys primarily responsible for representation of the Plaintiff in this adversary proceeding. I have personal knowledge of the facts set forth below and if called as a witness to testify as to matters stated herein, I would be willing and competent to do so.

2.     I respectfully submit this Application for Default Judgment against the above-named Defendant, Malwa Transport, Inc., (the "Defendant"), for failure to answer or otherwise defend herein.

3.     On or about January 13, 2010, Eugene I. Davis, Litigation Trustee for the Quebecor World Litigation Trust (the "Plaintiff") initiated the above-captioned adversary proceeding, Adversary Number 10-02025 (the "Adversary Proceeding") by filing a Complaint to Avoid and Recover Transfers of Property (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit "A" and incorporated herein by reference. True and correct copies of the checks evidencing the Transfers are attached hereto as Exhibit "B" and incorporated herein by reference.

4.     On or about February 11, 2010, A·S·K Financial LLP caused to be served upon the Defendant the Summons and Complaint in this Adversary Proceeding. A true and correct copy of the Certificate of Service is attached hereto as Exhibit "C" and incorporated herein by this reference.

5.     Pursuant to the Findings of Fact, Conclusions of Law, and Order, dated July 2, 2009, Confirming Third Amended Joint Plan of Reorganization of Quebecor World (USA) Inc. And Certain Affiliated Debtors and Debtors-in-Possession (the "Plan"), the Quebecor World Litigation Trust was established on July 21, 2009, the effective date of the Plan. Pursuant to the Plan and the Litigation Agreement attached thereto as Exhibit 6.11(a), the right to prosecute and settle the claims asserted in the above-captioned adversary proceeding as the representative of the Quebecor World Litigation Trust and the applicable Debtor estates was transferred to Plaintiff.

6.     The time within which the Defendant may answer or otherwise move with respect to the Complaint herein has expired. Defendant has not answered or otherwise moved with respect to the Complaint, and the time for Defendant to do so has not been extended.

7.     To the best of my knowledge, Defendant is not an infant or incompetent and is a business entity not subject to the protection provided by the soldiers and Sailors Civil Relief Act 1940 (50 U.S.C. App. §520).

8.     This Adversary Proceeding was brought to seek a judgement in the sum of $171,130.84,

plus interest from January 13, 2010, plus costs in the amount of $250.00 for the filing of the Adversary

Proceeding for a total judgment of $172,022.46 as of today's date with interest continuing to accrue at the

Federal Rate.

9.     On or about December 13, 2010, the Clerk of the Bankruptcy Court filed an Entry of

Default in the amount of $172,022.46.  Attached hereto as Exhibit "D" is a true and correct copy of the

Clerk's Entry of Default.

10.     A proposed order for a Default Judgment is attached hereto as Exhibit "E."

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on February 11, 2011 at St. Paul, Minnesota.

Gary D. Underdahl, Esq. (MN SBN 0301693)
A·S·K FINANCIAL LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
**Telephone:** 651-289-3857   **Fax:** (651) 406-9676

Sworn to before me this _____ 11th day
of _____, 2011

Notary Public

JENNIFER ALICE HEPOLA
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2015

APPL. FOR DEFAULT JUDGMENT
F:\WP\MM\QBC\DEFAULTS\BATCH6\APP02025.WPD /  07Feb11, 15:09

# EXHIBIT A

**A·S·K FINANCIAL LLP**
Joseph L. Steinfeld, Jr., Esq.
*(Admitted Pro Hac Vice)*
John T. Siegler, Esq.
Gary D. Underdahl, , Esq.
*(Admitted Pro Hac Vice)*
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
**Telephone:** (651) 406-9665 ext. 857 **Fax:** (651) 406-9676
**e-mail:** gunderdahl@askfinancial.com

Edward E. Neiger, Esq.
111 John Street, Suite 800
New York, New York 10038
**Telephone:** (212) 267-7342 **Fax:** (212) 918-3427
**e-mail:** eneiger@askfinancial.com

<small>\c.gr-ay.fm - F:\WP\MM\QBC\SUIT\GD\BATCH3\C-MAL001.WPD</small>

Attorneys For Plaintiff, Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Quebecor World (USA), et al.[1],<br><br>                              Debtors. | Bk. No. 08-10152-JMP<br>(Jointly Administered)<br><br>Chapter 11<br><br>Honorable James M. Peck |
| Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust,<br><br>                              Plaintiff,<br>vs.<br><br>Malwa Transport, Inc.,<br><br>                              Defendant, | Adv No. |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 502 AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust (the "Plaintiff"), by its undersigned attorneys, in support of this complaint (the "Complaint") to avoid and recover transfers against Malwa Transport, Inc. (the "Defendant"), hereby alleges upon information and belief that:

---

[1] The Debtors are the following entities: Quebecor World (USA) Inc., Quebecor Printing Holding Company, Quebecor World Capital Corporation, Quebecor World Capital II GP, Quebecor World Capital II LLC, WCZ, LLC, Quebecor World Lease GP, Quebecor World Lease LLC, QW Memphis Corp., The Webb Company, Quebecor World Printing (USA) Corp., Quebecor World Loveland Inc., Quebecor World Systems Inc., Quebecor World San Jose Inc., Quebecor World Buffalo Inc., Quebecor World Johnson & Hardin Co., Quebecor World Northeast Graphics Inc., Quebecor World UP Graphics Inc., Quebecor World Great Western Publishing Inc., Quebecor World DB Acquisition Corp., WCP-D, INC., Quebecor World Taconic Holdings Inc., Quebecor World Retail Printing Corporation, Quebecor World Arcata Corp., Quebecor World Nevada Inc., Quebecor World Atglen Inc., Quebecor World Krueger Acquisition Corp., Quebecor World Book Services LLC, Quebecor World Dubuque Inc., Quebecor World Pendell Inc., Quebecor World Fairfield Inc., QW New York Corp., Quebecor World Dallas II Inc., Quebecor World Nevada II LLC, Quebecor World Dallas, L.P., Quebecor World Mt. Morris II LLC, Quebecor World Petty Printing Inc., Quebecor World Hazleton Inc., Quebecor World Olive Branch Inc., Quebecor World Dittler Brothers Inc., Quebecor World Atlanta II LLC, Quebecor World RAI Inc., Quebecor World KRI Inc., Quebecor World Century Graphics Corporation, Quebecor World Waukee Inc., Quebecor World Logistics Inc., Quebecor World Mid-South Press Corporation, Quebecor World Aviation Inc., Quebecor World Eusey Press Inc., Quebecor World Infiniti Graphics Inc., Quebecor World Magna Graphic Inc., Quebecor World Lincoln Inc, and Quebecor World Memphis LLC.

COMPLAINT
<small>F:\WP\MM\QBC\SUIT\GD\BATCH3\C-MAL001.WPD / 12Jan10, 19:13</small>

## NATURE OF THE CASE

1.      This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of Defendant by Quebecor World (USA), et al. (the "Debtors") during the ninety-day (90) period prior to the filing of the Debtors' bankruptcy petitions pursuant to 11 U.S.C. §§ 547 and 550.  Subject to proof, the Complaint also seeks to recover pursuant to 11 U.S.C. §549 any transfers on account of pre-petition debt that cleared post-petition and pursuant to 11 U.S.C. § 548 any transfers that may have been a fraudulent conveyance.  To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors' or the Debtors' chapter 11 estates, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j) ("Section 502"), and such rights are expressly reserved.  Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION

2.      This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, arises in, and relates to cases under Title 11, in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-10152, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      The claims and causes of action set forth herein concern the determination, allowance, disallowance, and amount of claims under 11 U.S.C. §§ 502, 547, 548, 549 and 550.  This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

4.      Venue is proper in Southern the District of New York pursuant to 28 U.S.C. § 1408.

## BACKGROUND

5.      These bankruptcy cases were commenced by the filing on January 21, 2008 (the "Petition Date") of voluntary petitions for relief under Chapter 11 of title 11 of the United States Code by the Debtors.

6.      Pursuant to the Findings of Fact, Conclusions of Law, and Order, dated July 2, 2009, Confirming Third Amended Joint Plan of Reorganization of Quebecor World (USA) Inc. And Certain Affiliated Debtors and Debtors-in-Possession (the "Plan"), the Quebecor World Litigation Trust was established on July 21, 2009, the effective date of the Plan. Pursuant to the Plan and the Litigation Agreement

attached thereto as Exhibit 6.11(a), the right to prosecute and settle the claims asserted in the above-captioned adversary proceeding as the representative of the Quebecor World Litigation Trust and the applicable Debtor estates was transferred to Plaintiff.

7.     Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation residing in and subject to the laws of the State of Virginia.

## CLAIMS FOR RELIEF

### COUNT 1

### (Avoidance of Preference Transfers - 11 U.S.C. § 547)

8.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

9.     On or within ninety (90) days before the Petition Date, that is between October 23, 2007 and January 21, 2008 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including Defendant.

10.     Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all the transfers of an interest of the Debtors' property made by one or more of the Debtors to Defendant within the Preference Period.

11.     Plaintiff has determined that one or more of the Debtors made transfers to Defendant during the Preference Period in an amount not less than $171,130.84 (the "Transfers"). Attached hereto as "Exhibit A" and incorporated herein by this reference is a list of Transfers presently known to Plaintiff.

12.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by one or more of the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint as to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (i.e., but not exclusively, 11 U.S.C. §542, §544, §545, §548 and §549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

13.     Defendant was a creditor of the one or more of the Debtors at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A).  At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by one or more of the Debtors.

14.     The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by one or more of the Debtors to Defendant.

15.     The Transfers were for, or on account of, antecedent debts owed by one or more of the Debtors before the Transfers were made.

16.     The Debtors were insolvent at all times during the ninety (90) days prior to the Petition Date.

17.     As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and  (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code.

18.     In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (To Avoid Fraudulent Conveyances  Pursuant to 11 U.S.C. § 548(a)(1)(B))

19.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

20.     To the extent that one or more of the Transfers were not on account of an antecedent debt or a prepayment for goods subsequently received, one or more of the Debtors did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

    A.     One or more of the Debtors were insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s); or

    B.     One or more of the Debtors were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with one or more of the Debtors was an unreasonably small capital; or

    C.     One or more of the Debtors intended to incur, or believed that one or more of the Debtors would incur, debts that would be beyond one or more of the Debtors' ability to pay as such debts matured.

21.     The Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III

### (To Recover Post Petition Transfers Pursuant to 11 U.S.C. § 549)

22.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

23.     To the extent that one or more of the Debtors made a transfer to Defendant on account of obligations that arose before the Petition Date and that cleared after the Petition Date, such transfer(s) were unauthorized post-petition transfers (the "Post Petition Transfers") and are avoidable under 11 U.S.C. § 549.

## COUNT IV

### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

24.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

25.     Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b), any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548, and any Post Petition Transfers under 11 U.S.C. § 549. The Transfers, any Potentially Fraudulent Transfers and any Post Petition Transfers are collectively referred to herein as "All Avoided Transfers."

26.     Defendant was the initial transferee of the All Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoided Transfers were made.

27.     Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant All Avoided Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT V

### (Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))

28.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

29.     Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

30.     Defendant is a transferee of All Avoided Transfers avoidable under 11 U.S.C. §§ 547, 548 and/or 549.

31.     Defendant has not paid the amount of the All Avoided Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

32.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers, plus interest thereon and costs.

33.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or Plaintiff, must be reconsidered

and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the All Avoided Transfers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

As to Counts I through V, that the Court enter a judgment against Defendant:

A.   That All Avoided Transfers avoidable under 11 U.S.C. §§ 547, 548 and/or 549 in the amount of $171,130.84 be avoided;

B.   That All Avoided Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547, 548 and/or 549, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C.   Disallowing, in accordance with 11 U.S.C. § 502 (d), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

D.   Disallowing, in accordance with 11 U.S.C. § 502 (j), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

E.   Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

F.   Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

G.   Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff ;

H.   Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated:  January 13, 2010

A·S·K FINANCIAL LLP

Primary Counsel                                    By      /s/   Gary D. Underdahl
Please Contact Attorney in **Bold**                        Joseph L. Steinfeld, Jr., Esq. (*Admitted Pro Hac Vice*),
                                                   John T. Siegler, Esq.
                                                   **Gary D. Underdahl, Esq.** (*Admitted Pro Hac Vice*),
                                                   2600 Eagan Woods Drive, Suite 400
                                                   St. Paul, MN  55121
                                                   **Telephone:** (651) 406-9665  ext. 857  **Fax:** (651) 406-9676
                                                   **e-mail**: gunderdahl@askfinancial.com

                                                   Edward E. Neiger, Esq.
                                                   111 John Street, Suite 800
                                                   New York, New York 10038
                                                   **Telephone:** (212) 267-7342  **Fax:** (212) 918-3427
                                                   **e-mail**: eneiger@askfinancial.com

                                                   Attorneys For Plaintiff, Eugene I. Davis, as Litigation
                                                   Trustee for the Quebecor World Litigation Trust

**A·S·K**

FINANCIAL

*Insolvency Financial & Collection Legal Services*
17401 Ventura Blvd., # B-21
Encino, CA  91316
PHONE: 818/609-9268  FAX: 818/609-9686

2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
PHONE: 651/406-9665
FAX: 651/406-9676

Los Angeles
Minneapolis

### CHECK REGISTER
#### TRANSFERS DURING PREFERENCE PERIOD

Defendant:                **Malwa Transport, Inc.**
Bankruptcy Case:  Quebecor World (USA), et al.
Preference Period:        October 23, 2007 - January 21, 2008

| Check No. | Check Date | Clear Date | Check Amount | Check Description |
|---|---|---|---|---|
| 1717027 | November 2, 2007 | November 7, 2007 | $11,473.80 | UNITED STATES DOLLAR |
| 1720171 | November 8, 2007 | November 19, 2007 | $2,613.60 | UNITED STATES DOLLAR |
| 1723808 | November 15, 2007 | November 20, 2007 | $12,708.71 | UNITED STATES DOLLAR |
| 1726494 | November 21, 2007 | November 26, 2007 | $11,549.20 | UNITED STATES DOLLAR |
| 1732615 | December 7, 2007 | December 18, 2007 | $7,800.00 | UNITED STATES DOLLAR |
| 1736322 | December 13, 2007 | December 20, 2007 | $15,361.00 | UNITED STATES DOLLAR |
| 1740082 | December 20, 2007 | December 28, 2007 | $19,978.00 | UNITED STATES DOLLAR |
| 1744149 | December 27, 2007 | January 3, 2008 | $36,629.75 | UNITED STATES DOLLAR |
| 1748055 | January 4, 2008 | January 14, 2008 | $41,511.78 | UNITED STATES DOLLAR |
| 1750984 | January 9, 2008 | January 16, 2008 | $11,505.00 | UNITED STATES DOLLAR |

Total Check(s): 10                     **Total Amount:**        $171,130.84

Wednesday, January 19, 2011
Malwa Transport, Inc. (QBCMAL001)

**Exhibit A**

Page 1
©A·S·K Financial
/ 12Jan10, 19:05

# EXHIBIT B

**A·S·K**

**F INANCIAL**

*Insolvency Financial & Collection Legal Services*
17401 Ventura Blvd., # B-21   2600 Eagan Woods Drive, Suite 400      Los Angeles
Encino, CA 91316          St. Paul, MN 55121             Minneapolis
PHONE: 818/609-9268     PHONE: 651/406-9665
FAX: 818/609-9686       FAX: 651/406-9676

### CHECK REGISTER
#### TRANSFERS DURING PREFERENCE PERIOD

Defendant:        **Malwa Transport, Inc.**
Bankruptcy Case:  Quebecor World (USA), et al.
Preference Period:     October 23, 2007 - January 21, 2008

| Check No. | Check Date | Clear Date | Check Amount | Check Description |
|-----------|------------|------------|--------------|-------------------|
| 1717027 | November 2, 2007 | November 7, 2007 | $11,473.80 | UNITED STATES DOLLAR |
| 1720171 | November 8, 2007 | November 19, 2007 | $2,613.60 | UNITED STATES DOLLAR |
| 1723808 | November 15, 2007 | November 20, 2007 | $12,708.71 | UNITED STATES DOLLAR |
| 1726494 | November 21, 2007 | November 26, 2007 | $11,549.20 | UNITED STATES DOLLAR |
| 1732615 | December 7, 2007 | December 18, 2007 | $7,800.00 | UNITED STATES DOLLAR |
| 1736322 | December 13, 2007 | December 20, 2007 | $15,361.00 | UNITED STATES DOLLAR |
| 1740082 | December 20, 2007 | December 28, 2007 | $19,978.00 | UNITED STATES DOLLAR |
| 1744149 | December 27, 2007 | January 3, 2008 | $36,629.75 | UNITED STATES DOLLAR |
| 1748055 | January 4, 2008 | January 14, 2008 | $41,511.78 | UNITED STATES DOLLAR |
| 1750984 | January 9, 2008 | January 16, 2008 | $11,505.00 | UNITED STATES DOLLAR |

| Total Check(s): 10 | | **Total Amount:** | $171,130.84 | |
|---|---|---|---|---|

QUEBECOR WORLD (USA) INC. PRINTED IN BLUE AND GREEN CHECK THIS DOCUMENT HAS A COLORED BACKGROUND AND MICROPRINTING ·0719· · ENDORSE THE REVERSE

**1717027**

CHECK NO. CU01404

SUPPLIER NO 1507561717027

| CHECK DATE | CHECK AMOUNT |
|---|---|
| 11/02/07 | *****11473.80 |

VOID AFTER 90 DAYS

PAY TO ORDER OF **MALWA TRANSPORT INC**
**43908 LOGANWOOD COURT**
**ASHBURN        VA 20147**
**UNITED STATES**

PER _Marcia_ _Gury_
AUTHORIZED SIGNATURE

PER _David Mc Carthy_
AUTHORIZED SIGNATURE
TWO SIGNATURES REQUIRED

BANK OF AMERICA
Commercial Disbursement Account
Northbrook, IL

⑈171702 7⑈ ⑇071923284⑇ 876 58⑈0 258 2⑈        ⑈000 1 147380⑈

PAY TO THE ORDER OF
CHEVY CHASE BANK
ASHBURN  VA 20147
255  81
FOR DEPOSIT ONLY
MALWA TRANSPORT, INC.
1111306931

0821261434
11092007
0520-0027-B
ENT=386B TRC=386B PK=01

Endorsement/Endossement - Signature or Stamp ou étampe

The face of this cheque is printed in blue and green. Do not accept unless both colours are present.
Le recto de ce chèque est imprimé en bleu et vert. N'accepter que si les couleurs sont présentes.
HOLD AT ANGLE TO VIEW SECURITY MARK.
DO NOT ACCEPT IF SECURITY MARK IS ABSENT.
TENIR EN ANGLE POUR VOIR SECURITY MARK.
N'ACCEPTEZ PAS CE DOCUMENT SI SECURITY MARK EST ABSENT.

25597 19914 301-953-9933
CHEVY CHASE FSB
LAUREL MD 11/09/07

11000096603

BACK/ENDOS

| Tag Issue Date | Note Item Date | Account Number Volume ID | Serial Number | Amount |
|---|---|---|---|---|
| No | No | 8765802582 | 1717027 | 11473.80 |
| | 11/09/2007 | 07120340102501 | | |

ISSUING PRINTED IN BLUE AND GREEN. CHEQUES TOU... ENABLED EDEN VERT.

**1720171**
CHECK NO.

SUPPLIER NO. 1507561720171

| CHECK DATE | CHECK AMOUNT |
|---|---|
| 11/08/07 | ******2613.60 |

PAY TO ORDER OF **MALWA TRANSPORT INC**
**43908 LOGANWOOD COURT**
**ASHBURN      VA 20147**
**UNITED STATES**

VOID AFTER 90 DAYS

PER *Marcia* [signature]
AUTHORIZED SIGNATURE

PER *David McCarthy* [signature]
AUTHORIZED SIGNATURE
TWO SIGNATURES REQUIRED

BANK OF AMERICA
Commercial Disbursement Account
Northbrook, IL

⑈1720171⑈ ⑈071923284⑈ 87658⑈0258 2⑈

⑈0000261360⑈

0921589458
11162007
0520-0027-8   PAY ...              ...DER OF
ENT=4148  TRC=...CHE..., PK=...E BANK
ASHBU...      ...A 20147
25...      ...81
FOR DEP... ...T ONLY
MALWA TRANSPORT, INC.
...255071981A 3144300931  301-953-2033
CHEVY CHASE F58
LABEL ID  11/15/07

Endorsement/Endossement - Signature or Stamp ou étampe

BACK/ENDOS

The face of this cheque is printed in blue and green. Do
not accept unless both colours are present.
La recto de ce chèque est imprimé en bleu et vert.
N'accepter que si ces couleurs sont présentes.
HOLD AT ANGLE TO VIEW SECURITY MARK*.
DO NOT ACCEPT IF SECURITY MARK* IS ABSENT.
TENIR EN ANGLE POUR VOIR...
SECURITY MARK*
N'ACCEPTEZ PAS CE DOCUMENT
SI SECURITY MARK* EST ABSENT.

1100580343

| Tag<br>Issue Date | Note<br>Item Date | Account Number<br>Volume ID | Serial Number | Amount |
|---|---|---|---|---|
| No | No | 8765802582 | 1720171 | 2613.60 |
| | 11/19/2007 | 07120340102501 | | |

QUEBECOR WORLD (USA) INC. 0719 **829767** **1723808**
CHECK NO.

SUPPLIER NO 1507561723808

| CHECK DATE | CHECK AMOUNT |
|---|---|
| 11/15/07 | *****12708.71 |

PAY TO ORDER OF **MALWA TRANSPORT INC**
**43908 LOGANWOOD COURT**
**ASHBURN        VA 20147**
**UNITED STATES**

VOID AFTER 90 DAYS

PER *Marcia* (sig)
AUTHORIZED SIGNATURE

PER *David McCarthy*
AUTHORIZED SIGNATURE
TWO SIGNATURES REQUIRED

BANK OF AMERICA
Commercial Disbursement Account
Northbrook, IL

⑈1723808⑈ ⑆071923284⑆ 8765802582⑈ ⑈000127087⑁

0726256970
11232007
0520-0027-8
ENT=3837 TRC=3814

PAY TO ORDER OF
CHEVY CHASE BANK
ASHBURN VA 20147
FOR DEPOSIT ONLY
MALWA TRANSPORT, INC.
1144306931
255071991 301-953-8033
CHEVY CHASE FSB
LAUREL MD 11/22/07
1100199668

2971931

Endorsement/Endossement - Signature or Stamp ou étampe

BACK/ENDOS

The face of this cheque is printed in blue and green. Do not accept unless both colours are present.
Le recto de ce cheque est imprimé en bleu et vert. N'accepter que si ces couleurs sont présentes.
HOLD AT ANGLE TO VIEW SECURITY MARK * IS ABSENT DO NOT ACCEPT IF SECURITY MARK * IS ABSENT
TENIR EN ANGLE POUR VOIR SECURITY MARK *
N ACCEPTEZ PAS CE DOCUMENT SI SECURITY MARK * EST ABSENT

| Tag Issue Date | Note Item Date | Account Number Volume ID | Serial Number | Amount |
|---|---|---|---|---|
| No | No | 8765802582 | 1723808 | 12708.71 |
| | 11/23/2007 | 07120340102501 | | |

THIS CHEQUE IS PRINTED IN BLUE AND GREEN. CE CHÈQUE EST IMPRIMÉ EN BLEU ET EN VERT

1726494

CHECK NO.

SUPPLIER NO   1507561726494

| CHECK DATE | CHECK AMOUNT |
|---|---|
| 11/21/07 | *****11549.20 |

VOID AFTER 90 DAYS

PAY TO ORDER OF   **MALWA TRANSPORT INC**
**43908 LOGANWOOD COURT**
**ASHBURN          VA 20147**
**UNITED STATES**

PER   _Marcia Lang_
AUTHORIZED SIGNATURE

PER   _David McCarthy_
AUTHORIZED SIGNATURE
TWO SIGNATURES REQUIRED

**BANK OF AMERICA**
Commercial Disbursement Account
Northbrook, IL

⑈1726494⑈ ⑆071923284⑆ 876580258 2⑈        ⑈000 11549 20⑈

---

11292007
0520-0027-8
ENT=4091 TRC=4125 PK=06 255  91
0624232781

PAY TO ORDER OF
CHEVY CHASE BANK
ASHBURN  VA 20147
FOR DEPOSIT ONLY
MALWA TRANSPORT, INC.
1144306931

The face of this cheque is printed in blue and green. Do not accept unless both colours are present.
Le recto de ce chèque est imprimé en bleu et vert. N'accepter que si ces couleurs sont présentes.

HOLD AT-ANGLE TO VIEW SECURITY MARK*.
DO NOT ACCEPT IF SECURITY MARK* IS ABSENT.
TENIR EN L'ANGLE POUR VOIR
SECURITY MARK*.
N'ACCEPTEZ PAS CE DOCUMENT
SI SECURITY MARK* EST ABSENT.

Endorsement/Endossement - Signature or Stamp ou étampe

▶2554719314 301-953-6633
CHEVY CHASE FSB
LAUREL MD  11/28/07

BACK/ENDOS

110078 5417

---

| Tag | Note | Account Number | Serial Number | Amount |
|---|---|---|---|---|
| Issue Date | Item Date | Volume ID | | |
| No | No | 8765802582 | 1726494 | 11549.20 |
| | 11/29/2007 | 07120340102501 | | |



THIS CHEQUE IS PRINTED IN BLUE AND GREEN. CE CHÈQUE EST IMPRIMÉ EN BLEU ET EN VERT.

CHECK NO.

SUPPLIER NO. 1507561732615

| CHECK DATE | CHECK AMOUNT |
|---|---|
| 12/07/07 | ******7800.00 |

VOID AFTER 90 DAYS

PAY TO ORDER OF **MALWA TRANSPORT INC**
**43908 LOGANWOOD COURT**
**ASHBURN         VA 20147**
**UNITED STATES**

PER _Marcia_ AUTHORIZED SIGNATURE

PER _David Mc Carthy_ AUTHORIZED SIGNATURE
TWO SIGNATURES REQUIRED

BANK OF AMERICA
Commercial Disbursement Account
Northbrook, IL

⑈173261511⑈ ⑆071923284⑆ 87658⑈0258211⑈      ⑈00007800000⑈

Endorsement/Endossement - Signature or Stamp ou étampe

BACK/ENDOS

The face of this cheque is printed in blue and green. Do not accept unless both colours are present.
Le recto de ce chèque est imprimé en bleu et vert.
N'accepter que si ces couleurs sont présentes.

HOLD AT ANGLE TO VIEW SECURITY MARK".
DO NOT ACCEPT IF SECURITY MARK" IS ABSENT.
TENIR EN ANGLE POUR VOIR
SECURITY MARK".
N'ACCEPTER PAS CE DOCUMENT
SI SECURITY MARK" EST ABSENT.

| Tag | Note | Account Number | Serial Number | Amount |
|---|---|---|---|---|
| Issue Date | Item Date | Volume ID | | |
| No | No | 8765802582 | 1732615 | 7800.00 |
| | 12/18/2007 | 07123100034501 | | |

THIS CHEQUE IS PRINTED IN BLUE AND GREEN. CE CHÈQUE EST IMPRIMÉ EN BLEU ET EN VERT.

0719

CHECK NO. 1736322

SUPPLIER NO. 1507561736322

PAY TO ORDER OF   **MALWA TRANSPORT INC**
**43908 LOGANWOOD COURT**
**ASHBURN        VA 20147**
**UNITED STATES**

| CHECK DATE | CHECK AMOUNT |
|---|---|
| 12/13/07 | *****15361.00 |

VOID AFTER 90 DAYS

PER   *Marcia Long*
AUTHORIZED SIGNATURE

PER   *David Mc Carthy*
AUTHORIZED SIGNATURE
TWO SIGNATURES REQUIRED

**BANK OF AMERICA**
Commercial Disbursement Account
Northbrook, IL

⑆1736322⑆ ⑉071923284⑉ 8765 8⑈0258 2⑆        ⑈000 1536 100⑇

0927561227
12202007
0520-0027-8
ENT=3550 TRC=3550 PK=01

PAY TO ORDER OF
CHEVY CHASE BANK
ASHBURN      A 20147

FOR DEPOSIT ONLY
MALWA TRANSPORT, INC.
1144306931

Endorsement/Endossement - Signature or Stamp ou étampe

The face of this cheque is printed in blue and green. Do not accept unless both colours are present.
Le recto de ce chèque est imprimé en bleu et vert. N'accepter que si ces couleurs sont présentes.
HOLD AT ANGLE TO VIEW SECURITY MARK*.
DO NOT ACCEPT IF SECURITY MARK* IS ABSENT.
TENIR EN ANGLE POUR VOIR SECURITY MARK*.
N'ACCEPTEZ PAS CE DOCUMENT SI SECURITY MARK* EST ABSENT.

⑆25597 19814 301-953-8633
CHEVY CHASE FSB
LAUREL MD 12/20/07
1100160000

BACK/ENDOS

| Tag<br>Issue Date | Note<br>Item Date | Account Number<br>Volume ID | Serial Number | Amount |
|---|---|---|---|---|
| No | No | 8765802582 | 1736322 | 15361.00 |
|  | 12/20/2007 | 07123100034501 |  |  |



| Tag | Note | Account Number | Serial Number | Amount |
|-----|------|----------------|---------------|--------|
| Issue Date | Item Date | Volume ID | | |
| No | No | 8765802582 | 1740082 | 19978.00 |
| | 12/28/2007 | 07123100034501 | | |

THIS CHEQUE IS PRINTED IN BLUE AND GREEN. CE CHÈQUE EST IMPRIMÉ EN BLEU ET EN VERT.

CHECK NO.

SUPPLIER NO: 1507561744149

| CHECK DATE | CHECK AMOUNT |
|---|---|
| 12/27/07 | *****36629.75 |

VOID AFTER 90 DAYS

PAY TO ORDER OF **MALWA TRANSPORT INC**
**43908 LOGANWOOD COURT**
**ASHBURN       VA 20147**
**UNITED STATES**

PER *Marcia*
AUTHORIZED SIGNATURE

PER *David McCarthy*
AUTHORIZED SIGNATURE
TWO SIGNATURES REQUIRED

**BANK OF AMERICA**
Commercial Disbursement Account
Northbrook, IL

⑈1744149⑈ ⑆071923284⑆ 876580 0258 2⑆                    ⑈0003662975⑈

0920428269
01032008
0520-0027-B
ENT=4122  TRC=4137  PK=06

7144 306931
For Deposit

Endorsement/Endossement - Signature or Stamp ou étampe

The face of this cheque is printed in blue and green. Do
not accept unless both colours are present.
Le recto de ce chèque est imprimé en bleu et vert.
N'accepter que si ces couleurs sont présentes.

HOLD AT ANGLE TO VIEW SECURITY MARK*.
DO NOT ACCEPT IF SECURITY MARK* IS ABSENT.
TENIR EN ANGLE POUR VOIR
SECURITY MARK*
N'ACCEPTEZ PAS CE DOCUMENT
SI SECURITY MARK* EST ABSENT.

2550719014 301-553-8033
CHEVY CHASE FSB
LAUREL MD  01/02/08

1200337207

BACK/ENDOS

| Tag | Note | Account Number | Serial Number | Amount |
|---|---|---|---|---|
| Issue Date | Item Date | Volume ID | | |
| No | No | 8765802582 | 1744149 | 36629.75 |
|  | 01/03/2008 | 08020500064101 | | |



QUEBECOR WORLD (USA) INC.

CHECK NO. 1748055

SUPPLIER NO. 1507561748055

| CHECK DATE | CHECK AMOUNT |
|---|---|
| 01/04/08 | *****41511.78 |

VOID AFTER 90 DAYS

PAY TO ORDER OF

**MALWA TRANSPORT INC**
**43908 LOGANWOOD COURT**
**ASHBURN     VA 20147**
**UNITED STATES**

PER _Marcia_
AUTHORIZED SIGNATURE

PER _David McCarthy_
AUTHORIZED SIGNATURE
TWO SIGNATURES REQUIRED

**BANK OF AMERICA**
Commercial Disbursement Account
Northbrook, IL

⑈1748055⑈ ⑆071923284⑆ 87658⑈0258 2⑈          ⑆0004151178⑈

FOR DEPOSIT ONLY
MALWA TRANSPORT, INC.
1144305931

Endorsement/Endossement - Signature or Stamp ou étampe

BACK/ENDOS

| Tag | Note | Account Number | Serial Number | Amount |
|---|---|---|---|---|
| Issue Date | Item Date | Volume ID | | |
| No | No | 8765802582 | 1748055 | 41511.78 |
| | 01/14/2008 | 08020500064101 | | |

THIS CHEQUE IS PRINTED IN BLUE AND GREEN. CE CHÈQUE EST IMPRIMÉ EN BLEU ET EN VERT.

1750984

CHECK NO.

SUPPLIER NO. 1507561750984

| CHECK DATE | CHECK AMOUNT |
|---|---|
| 01/09/08 | *****11505.00 |

PAY TO ORDER OF  **MALWA TRANSPORT INC**
43908 LOGANWOOD COURT
ASHBURN        VA 20147
UNITED STATES

VOID AFTER 90 DAYS

PER  *Marcia*
AUTHORIZED SIGNATURE

PER  *David McCarthy*
AUTHORIZED SIGNATURE
TWO SIGNATURES REQUIRED

BANK OF AMERICA
Commercial Disbursement Account
Northbrook, IL

⑈1750984⑈ ⑆071923284⑆ 876580258 2⑈

⑈0001150500⑈

01162008
0520-0027-B
ENT=3982 TRC=3993 PK=06
0621259430

PAY TO ORDER OF
CHEVY CHASE BANK
ASHBURN  VA 20147
FOR DEPOSIT ONLY
MALWA TRANSPORT, INC.
1144306931

Endorsement/Endossement - Signature or Stamp ou étampe

BACK/ENDOS

255719814 391-953-9933
CHEVY CHASE FSB
LAUREL MD 01/15/08

1100146564

| Tag Issue Date | Note Item Date | Account Number Volume ID | Serial Number | Amount |
|---|---|---|---|---|
| No | No | 8765802582 | 1750984 | 11505.00 |
|  | 01/16/2008 | 08020500064101 |  |  |

# EXHIBIT C

**A·S·K FINANCIAL LLP**
Joseph L. Steinfeld, Jr., Esq.
*(Admitted Pro Hac Vice)*
John T. Siegler, Esq.
Gary D. Underdahl, , Esq.
*(Admitted Pro Hac Vice)*
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
**Telephone:** (651) 406-9665 ext. 857 **Fax:** (651) 406-9676
**e-mail:** gunderdahl@askfinancial.com

Edward E. Neiger, Esq.
111 John Street, Suite 800
New York, New York 10038
**Telephone:** (212) 267-7342 **Fax:** (212) 918-3427
**e-mail:** eneiger@askfinancial.com
*F:\WPAM\QBC\SERVICE\10-11\CRTSVC4.WPD*
Attorneys For Plaintiff, Eugene I. Davis, Litigation Trustee for the Quebecor World Litigation Trust

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Quebecor World (USA), Inc., et al.,<br><br>Debtors. | Bk. No. 08-10152-JMP<br>(Jointly Administered)<br><br>Chapter 11 |
| Eugene I. Davis, Litigation Trustee for<br>the Quebecor World Litigation Trust,<br><br>Plaintiff,<br>vs.<br><br>Malwa Transport, Inc.,<br><br>Defendant. | Adv No. 10-02025-JMP |

## CERTIFICATION OF SERVICE

I, Jennifer A. Hepola, hereby certify that I am not less than 18 years of age, and further certify that on February 11, 2010, I caused to be served a true and correct copy of the:

1.  COMPLAINT AND SUMMONS;
2.  PLAINTIFF'S MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY EUGENE I. DAVIS, AS LITIGATION TRUSTEE FOR THE QUEBECOR WORLD LITIGATION TRUST, PURSUANT TO SECTIONS 502, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE AND EXTENDING THE 120-DAY TIME LIMIT FOR SERVICE OF THE SUMMONSES AND COMPLAINTS

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at St. Paul, Minnesota, addressed as follows:

<u>Defendant</u>
Pannu Gurvinder, RegAgt/President
Malwa Transport, Inc.
43908 Loganwood Court
Ashburn, VA  20147

☐ By Regular Mail - I caused such envelope with first class postage thereon, fully prepaid to be placed in the United States mail.

☒ Certified Mail (return receipt requested) with first class postage thereon, to be mailed in the United States mail.

I declare that I am an employee in the offices of a member of the State Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of Minnesota that the foregoing is true and correct.

Executed at St. Paul, Minnesota on February 11, 2010.

_/s/   Jennifer A. Hepola_
Jennifer Hepola, Declarant
Laurie N. Porten, Declarant
Bethany D. Sibenaller, Declarant
No: QBCMAL001 Stat: - Answ: /*

# EXHIBIT D

# United States Bankruptcy Court

## Southern District of New York

```
-----------------------------------------------------X
```
**In re :**

Quebecor World (USA) Inc.                                    Bankruptcy Case No.
                                                             08-10152 (SHL)

**Debtor**
```
-----------------------------------------------------X
```
Eugene I. Davis, as Litigation Trustee for
the Quebecor World Litigation Trust
                    **Plaintiff**
                              **v.**                         Adversary Proceeding No.
                                                             10-2025 (SHL)

Malwa Transport, Inc.
                         **Defendant**
```
-----------------------------------------------------X
```

## ENTRY OF DEFAULT

It appears from the record that the following defendant failed to plead or otherwise defend in this case as required by law.

<div style="border:1px solid black">

**MALWA TRANSPORT, INC.**

</div>

Therefore, default is entered against the defendant as authorized by Bankruptcy Rule 7055.

<div align="right">

Vito Genna
Clerk of the Bankruptcy Court

</div>

December 13, 2010                           By: /s/ Anatin Rouzeau
Date                                             Deputy Clerk

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Bk. No. 08-10152-JMP |
| Quebecor World (USA), Inc., et al.[1], | Chapter 11 |
| Debtors. | Honorable Sean H. Lane |
| Eugene I. Davis, Litigation Trustee for the Quebecor World Litigation Trust, | Adv No. 10-02025-SHL |
| Plaintiff, | |
| vs. | |
| Malwa Transport, Inc., | |
| Defendant. | |

## ORDER FOR DEFAULT JUDGMENT

This action was commenced on or about January 13, 2010 by the filing of a Summons and

Complaint. Copies of the Summons and Complaint in the above-referenced adversary proceeding were

served on the above-named Defendant, Malwa Transport, Inc., through service by mail, pursuant to

Federal Rule of Bankruptcy Procedure 7004, on February 11, 2010. The Certificate of Service was filed

with this Court and the Defendant has failed to answer or otherwise defend.

The Clerk's Entry of Default was filed on or about December 13, 2010. Defendant was served

with Plaintiff's Application for Default Judgment and has failed to answer, object or otherwise defend.

**NOW THEREFORE**, upon reading the annexed Application for Default Judgment sworn on

February 11, 2011, it is

---

[1]The Debtors are the following entities: Quebecor World (USA) Inc., Quebecor Printing Holding Company, Quebecor World Capital Corporation, Quebecor World Capital II GP, Quebecor World Capital II LLC, WCZ, LLC, Quebecor World Lease GP, Quebecor World Lease LLC, QW Memphis Corp., The Webb Company, Quebecor World Printing (USA) Corp., Quebecor World Loveland Inc., Quebecor World Systems Inc., Quebecor World San Jose Inc., Quebecor World Buffalo Inc., Quebecor World Johnson & Hardin Co., Quebecor World Northeast Graphics Inc., Quebecor World UP Graphics Inc., Quebecor World Great Western Publishing Inc., Quebecor World DB Acquisition Corp., WCP-D, INC., Quebecor World Taconic Holdings Inc., Quebecor World Retail Printing Corporation, Quebecor World Arcata Corp., Quebecor World Nevada Inc., Quebecor World Atglen Inc., Quebecor World Krueger Acquisition Corp., Quebecor World Book Services LLC, Quebecor World Dubuque Inc., Quebecor World Pendell Inc., Quebecor World Fairfield Inc., QW New York Corp., Quebecor World Dallas II Inc., Quebecor World Nevada II LLC, Quebecor World Dallas, L.P., Quebecor World Mt. Morris II LLC, Quebecor World Petty Printing Inc., Quebecor World Hazleton Inc., Quebecor World Olive Branch Inc., Quebecor World Dittler Brothers Inc., Quebecor World Atlanta II LLC, Quebecor World RAI Inc., Quebecor World KRI Inc., Quebecor World Century Graphics Corporation, Quebecor World Waukee Inc., Quebecor World Logistics Inc., Quebecor World Mid-South Press Corporation, Quebecor Printing Aviation Inc., Quebecor World Eusey Press Inc., Quebecor World Infiniti Graphics Inc., Quebecor World Magna Graphic Inc., Quebecor World Lincoln Inc, and Quebecor World Memphis LLC.

**ORDERED, ADJUDGED AND DECREED:** that the Plaintiff Eugene I. Davis,

Litigation Trustee for the Quebecor World Litigation Trust, be awarded a default judgment against the

Defendant, Malwa Transport, Inc., in the amount of $171,130.84, plus interest of $641.62 and costs in the

sum of $250.00, which results in a total judgment of $172,022.46 as of today's date with interest

continuing to accrue at the Federal Rate.

DATED: _____, 2011

       HONORABLE SEAN LANE
       UNITED STATES BANKRUPTCY JUDGE